## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BRIAN HOLTE and WILLIAM KIDD, JR.,** *individually and on behalf of a class of similarly situated* **persons,**

        **Plaintiff,**

    **v.**

**TRUEACCORD CORP., DOUGLAS WILLIAM ISAACSON, MINTO DEVELOPMENT CORPORATION,** *and* **BENHTI ECONOMIC DEVELOPMENT CORPORATION,**

        **Defendants.**

_____/

**CASE NO. 8:21-cv-02215-WFJ-TGW**

---

## DEFENDANT TRUEACCORD CORP.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Defendant TrueAccord Corp. ("TA") respectfully files this Answer and Affirmative Defenses to Plaintiffs' First Amended Class Action Complaint as follows:

## DESCRIPTION OF THE CASE

1.    Admitted in part, denied in part. TA admits that Plaintiffs purport to bring a claim for alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Florida Consumer Collection Practices Act, Fla.

1

Stat. § 559.55 *et seq.* ("FCCPA"), and Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.101 *et seq.* ("CRCPA"). TA denies violating the law and denies that Plaintiffs are entitled to the requested relief.

2.      After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

3.      After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

4.      After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

5.      TA denies the allegations in Paragraph 5 of Plaintiffs' First Amended Class Action Complaint.

6.      TA denies the allegations in Paragraph 6 of Plaintiffs' First Amended Class Action Complaint.

7.      TA denies the allegations in Paragraph 7 of Plaintiffs' First Amended Class Action Complaint.

## JURISDICTION AND VENUE

8.    TA denies the allegations in Paragraph 8 of Plaintiffs' First Amended Class Action Complaint.

9.    TA denies the allegations in Paragraph 9 of Plaintiffs' First Amended Class Action Complaint.

10.    TA denies the allegations in Paragraph 10 of Plaintiffs' First Amended Class Action Complaint.

11.    TA denies the allegations in Paragraph 11 of Plaintiffs' First Amended Class Action Complaint.

## PARTIES

### Mr. Holte

12.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiffs' First Amended Class Action Complaint, and therefore denies these allegations.

13.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiffs' First Amended Class Action Complaint, and therefore denies these allegations.

14.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 14 of

Plaintiffs' First Amended Class Action Complaint, and therefore denies these allegations.

## **TrueAccord**

15.    Admitted.

16.    Admitted.

17.    Admitted in part, denied in part. TA admits that at times it acts as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7). TA admits that at times it uses email to collect accounts. TA denies it always meets the statutory definitions of "debt collector." After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to whether it is a "debt collector" with respect to Plaintiff's account, and thus denies these allegations. TA denies the remaining allegations in Paragraph 17 of Plaintiffs' First Amended Class Action Complaint.

18.    Admitted.

19.    TA denies the allegations in Paragraph 19 of Plaintiffs' First Amended Class Action Complaint.

## **BEDCO**

20.    After reasonable investigation, TA lacks sufficient information and knowledge to form a belief as to the allegations in Paragraph 20 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

21.    After reasonable investigation, TA lacks sufficient information and knowledge to form a belief as to the allegations in Paragraph 21 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

## Minto Financial

22.    After reasonable investigation, TA lacks sufficient information and knowledge to form a belief as to the allegations in Paragraph 22 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

## MDC

23.    After reasonable investigation TA lacks sufficient knowledge and to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

24.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

## Isaacson

25.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 25 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

26.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 26 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

27.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 27 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

## FACTUAL ALLEGATIONS

28.     Admitted in part, denied in part. TA admits Mr. Holte obtained a loan from Minto Money. After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 28 of Plaintiffs' First Amended Cass Action Complaint, and thus denies these allegations.

29.     Admitted in part, denied in part. TA admits Mr. Kidd obtained a loan from Minto Money. After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 29 of Plaintiffs' First Amended Cass Action Complaint, and thus denies these allegations.

30.     Admitted in part, denied in part. TA admits only the accuracy of any properly quoted language from Exhibit B appearing in Paragraph 30 of Plaintiffs' First Amended Class Action Complaint. TA denies any remaining allegations.

31.    Admitted in part, denied in part. TA admits only the accuracy of any properly quoted language from Exhibit C appearing in Paragraph 31 of Plaintiffs' First Amended Class Action Complaint. TA denies any remaining allegations.

32.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

33.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

34.    Admitted in part, denied in part. TA admits only the accuracy of any properly quoted language from Exhibit D appearing in Paragraph 34 of Plaintiffs' First Amended Class Action Complaint. TA denies any remaining allegations.

35.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 35 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

36.    Admitted in part, denied in part. TA admits only the accuracy of any properly quoted language from Exhibit E appearing in Paragraph 36 of Plaintiffs' First Amended Class Action Complaint. TA denies any remaining allegations.

37.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 37 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

38.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 38 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

39.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 39 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

## Minto Money's Loans Occur Where the Consumer is Located

40.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 40 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

41.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 41 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

42.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 42 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

43.    TA denies the allegations in Paragraph 43 of Plaintiffs' First Amended Class Action Complaint.

44.    Admitted in part, denied in part. TA admits only the accuracy of any properly quoted statutory language appearing in Paragraph 44 of Plaintiffs' First Amended Class Action Complaint. TA denies any remaining allegations.

45.    Admitted in part, denied in part. TA admits only the accuracy of any properly quoted statutory language appearing in Paragraph 45 of Plaintiffs' First Amended Class Action Complaint. TA denies any remaining allegations.

46.    TA denies the allegations in Paragraph 46 of Plaintiffs' First Amended Class Action Complaint.

47.    TA denies the allegations in Paragraph 47 of Plaintiffs' First Amended Class Action Complaint.

48.    TA denies the allegations in Paragraph 48 of Plaintiffs' First Amended Class Action Complaint.

49.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 49 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

50.    TA denies the allegations in Paragraph 50 of Plaintiffs' First Amended Class Action Complaint.

51.     TA denies the allegations in Paragraph 51of Plaintiffs' First Amended Class Action Complaint.

52.     TA denies the allegations in Paragraph 52 of Plaintiffs' First Amended Class Action Complaint.

53.     TA denies the allegations in Paragraph 53 of Plaintiffs' First Amended Class Action Complaint.

54.     TA denies the allegations in Paragraph 54 of Plaintiffs' First Amended Class Action Complaint.

55.     Admitted in part, denied in part. TA admits it is not licensed by the Florida Office of Financial Regulation as a consumer finance company. TA denies any remaining allegations in Paragraph 55 of Plaintiffs' First Amended Class Action Complaint.

56.     TA denies the allegations in Paragraph 56 of Plaintiffs' First Amended Class Action Complaint.

## The Lender Defendants' Rent-A-Tribe Scheme

57.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 57 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

58.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 58 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

59.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 59 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

60.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 60 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

61.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 61 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

62.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 62 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

63.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 63 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

64.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 64 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

65.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 65 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

66.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 66 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

67.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 67 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

68.     TA denies the allegations in Paragraph 68 of Plaintiffs' First Amended Class Action Complaint.

69.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 69 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

70.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 70 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

71.   After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 71 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

72.   After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 72 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

73.   After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 73 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

74.   After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 74 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

75.   After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 75 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

76.   After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 76 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

77.   Admitted in part, denied in part. TA admits only the accuracy of any properly quoted language from Exhibit H to Plaintiffs' First Amended Class Action

Complaint appearing in Paragraph 77 of Plaintiffs' First Amended Class Action Complaint. TA denies all remaining allegations.

78.    Admitted in part, denied in part. TA admits only the accuracy of any properly quoted language from Exhibit I to Plaintiffs' First Amended Class Action Complaint appearing in Paragraph 78 of Plaintiffs' First Amended Class Action Complaint. TA denies all remaining allegations.

79.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 79 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

80.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 80 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

81.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 81 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

82.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 82 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

83.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 83 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

84.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 84 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

85.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 85 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

## **Minto Money Operates from Kansas, Not Alaska**

86.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 86 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

87.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 87 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

88.     After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 88 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

89.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 89 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

90.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 90 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

91.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 91 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

92.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 92 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

93.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 93 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

94.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 94 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

95.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 95 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

### **Lender Defendants Rely on Unenforceable Delegation to Arbitration**

96.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 96 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

97.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 97 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

98.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 98 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

99.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 99 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

100.    After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 100 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

101.   After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 101 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

102.   After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 102 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

103.   After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 103 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

104.   After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 104 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

105.   After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 105 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

106.   After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 106 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

## TrueAccord's Collection Efforts

107.    Admitted in part, denied in part. TA admits Mr. Holte's account was placed with TA for collection in or around December 2020. TA denies the remaining allegations in Paragraph 107 of Plaintiffs' First Amended Class Action Complaint.

108.    Admitted in part, denied in part. TA admits it emailed Mr. Holte. TA denies the remaining allegations in Paragraph 108 of Plaintiffs' First Amended Class Action Complaint.

109.    Admitted in part, denied in part. TA admits Mr. Holte owed $1,111.36. TA denies the remaining allegations in Paragraph 109 of Plaintiffs' First Amended Class Action Complaint.

110.    TA denies the allegations in Paragraph 110 of Plaintiffs' First Amended Class Action Complaint.

111.    TA denies the allegations in Paragraph 111 of Plaintiffs' First Amended Class Action Complaint.

112.    TA denies the allegations in Paragraph 112 of Plaintiffs' First Amended Class Action Complaint.

113.    Admitted in part, denied in part. TA admits Mr. Holte made two payments. TA denies the remaining allegations in Paragraph 113 of Plaintiffs' First Amended Class Action Complaint.

114.    Admitted.

115. Admitted in part, denied in part. TA admits only the accuracy of any properly quoted language from Exhibit L appearing in Paragraph 115 of Plaintiffs' First Amended Class Action Complaint. TA denies any remaining allegations.

116. TA denies the allegations in Paragraph 116 of Plaintiffs' First Amended Class Action Complaint.

117. TA denies the allegations in Paragraph 117 of Plaintiffs' First Amended Class Action Complaint.

118. TA denies the allegations in Paragraph 118 of Plaintiffs' First Amended Class Action Complaint.

119. After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 119 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

120. After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 120 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

121. TA denies the allegations in Paragraph 121 of Plaintiffs' First Amended Class Action Complaint.

## CLASS ALLEGATIONS

### The Lender Defendants National Class

122.   Paragraphs 1 through 121 of this Answer are hereby incorporated by reference as though more fully set forth here.

123.   Admitted in part, denied in part. TA admits Plaintiffs purport to bring this case on behalf of themselves and all others similarly situated. After reasonable investigation, TA lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 123 of Plaintiffs' First Amended Class Action Complaint, and thus denies these allegations.

124.   Admitted in part, denied in part. TA admits Plaintiffs purport to bring this case on behalf of themselves and all others similarly situated as defined in this paragraph. TA denies Plaintiffs' class is capable of certification and denies class treatment is appropriate. TA denies any remaining allegations in Paragraph 124 of Plaintiffs' First Amended Class Action Complaint.

125.   Admitted in part, denied in part. TA admits Plaintiffs purport to exclude certain persons from their class definition. TA denies Plaintiffs' class is capable of certification and denies class treatment is appropriate. TA denies any remaining allegations in Paragraph 125 of Plaintiffs' First Amended Class Action Complaint.

126.    TA denies the allegations in Paragraph 126 of Plaintiffs' First Amended Class Action Complaint.

127.    TA denies the allegations in Paragraph 127 of Plaintiffs' First Amended Class Action Complaint.

128.    TA denies the allegations in Paragraph 128 of Plaintiffs' First Amended Class Action Complaint.

129.    TA denies the allegations in Paragraph 129 of Plaintiffs' First Amended Class Action Complaint.

130.    TA denies the allegations in Paragraph 130 of Plaintiffs' First Amended Class Action Complaint.

131.    TA denies the allegations in Paragraph 131 of Plaintiffs' First Amended Class Action Complaint.

132.    TA denies the allegations in Paragraph 132 of Plaintiffs' First Amended Class Action Complaint.

133.    TA denies the allegations in Paragraph 133 of Plaintiffs' First Amended Class Action Complaint.

## **The TrueAccord Class**

134.    Admitted in part, denied in part. TA admits Plaintiffs purport to bring this case on behalf of themselves and all others similarly situated as defined in this paragraph. TA denies Plaintiffs' class is capable of certification and denies class

treatment is appropriate. TA denies any remaining allegations in Paragraph 134 of Plaintiffs' First Amended Class Action Complaint.

135.    Admitted in part, denied in part. TA admits Plaintiffs purport to exclude certain persons from their class definition. TA denies Plaintiffs' class is capable of certification and denies class treatment is appropriate. TA denies any remaining allegations in Paragraph 135 of Plaintiffs' First Amended Class Action Complaint.

136.    TA denies the allegations in Paragraph 136 of Plaintiffs' First Amended Class Action Complaint.

137.    TA denies the allegations in Paragraph 137 of Plaintiffs' First Amended Class Action Complaint.

138.    TA denies the allegations in Paragraph 138 of Plaintiffs' First Amended Class Action Complaint.

139.    TA denies the allegations in Paragraph 139 of Plaintiffs' First Amended Class Action Complaint.

140.    TA denies the allegations in Paragraph 140 of Plaintiffs' First Amended Class Action Complaint.

141.    TA denies the allegations in Paragraph 141 of Plaintiffs' First Amended Class Action Complaint.

142.    TA denies the allegations in Paragraph 142 of Plaintiffs' First Amended Class Action Complaint.

## The Florida Lender Defendants Class

143.   Admitted in part, denied in part. TA admits Plaintiffs purport to bring this case on behalf of themselves and all others similarly situated as defined in this paragraph. TA denies Plaintiffs' class is capable of certification and denies class treatment is appropriate. TA denies any remaining allegations in Paragraph 143 of Plaintiffs' First Amended Class Action Complaint.

144.   Admitted in part, denied in part. TA admits Plaintiffs purport to exclude certain persons from their class definition. TA denies Plaintiffs' class is capable of certification and denies class treatment is appropriate. TA denies any remaining allegations in Paragraph 144 of Plaintiffs' First Amended Class Action Complaint.

145.   TA denies the allegations in Paragraph 145 of Plaintiffs' First Amended Class Action Complaint.

146.   TA denies the allegations in Paragraph 146 of Plaintiffs' First Amended Class Action Complaint.

147.   TA denies the allegations in Paragraph 147 of Plaintiffs' First Amended Class Action Complaint.

148.   TA denies the allegations in Paragraph 148 of Plaintiffs' First Amended Class Action Complaint.

149.   TA denies the allegations in Paragraph 149 of Plaintiffs' First Amended Class Action Complaint.

150.   TA denies the allegations in Paragraph 150 of Plaintiffs' First Amended Class Action Complaint.

151.   TA denies the allegations in Paragraph 151 of Plaintiffs' First Amended Class Action Complaint.

### The Florida TrueAccord Class

152.   Admitted in part, denied in part. TA admits Plaintiffs purport to bring this case on behalf of themselves and all others similarly situated as defined in this paragraph. TA denies Plaintiffs' class is capable of certification and denies class treatment is appropriate. TA denies any remaining allegations in Paragraph 152 of Plaintiffs' First Amended Class Action Complaint.

153.   Admitted in part, denied in part. TA admits Plaintiffs purport to exclude certain persons from their class definition. TA denies Plaintiffs' class is capable of certification and denies class treatment is appropriate. TA denies any remaining allegations in Paragraph 153 of Plaintiffs' First Amended Class Action Complaint.

154.   TA denies the allegations in Paragraph 154of Plaintiffs' First Amended Class Action Complaint.

155.   TA denies the allegations in Paragraph 155 of Plaintiffs' First Amended Class Action Complaint.

156.   TA denies the allegations in Paragraph 156 of Plaintiffs' First Amended Class Action Complaint.

157. TA denies the allegations in Paragraph 157 of Plaintiffs' First Amended Class Action Complaint.

158. TA denies the allegations in Paragraph 158 of Plaintiffs' First Amended Class Action Complaint.

159. TA denies the allegations in Paragraph 159 of Plaintiffs' First Amended Class Action Complaint.

160. TA denies the allegations in Paragraph 160 of Plaintiffs' First Amended Class Action Complaint.

## COUNT I
## VIOLATIONS OF RICO, 18 U.S.C. § 1962(a)
## (Class Claim on behalf of the Lender Defendants National Class Against the Lender Defendants)

161. Paragraphs 1 through 160 of this Answer are hereby incorporated by reference as though more fully set forth here.

162. TA denies the allegations in Paragraph 162 of Plaintiffs' First Amended Class Action Complaint.

163. TA denies the allegations in Paragraph 163 of Plaintiffs' First Amended Class Action Complaint.

164. TA denies the allegations in Paragraph 164 of Plaintiffs' First Amended Class Action Complaint.

165. TA denies the allegations in Paragraph 165 of Plaintiffs' First Amended Class Action Complaint.

166. TA denies the allegations in Paragraph 166 of Plaintiffs' First Amended Class Action Complaint.

167. TA denies the allegations in Paragraph 167 of Plaintiffs' First Amended Class Action Complaint.

## COUNT II
## VIOLATIONS OF RICO, 18 U.S.C. § 1692(b)
## (Class Claim on behalf of the Lender Defendants National Class Against the Lender Defendants)

168. Paragraphs 1 through 167 of this Answer are hereby incorporated by reference as though more fully set forth here.

169. TA denies the allegations in Paragraph 169 of Plaintiffs' First Amended Class Action Complaint.

170. TA denies the allegations in Paragraph 170 of Plaintiffs' First Amended Class Action Complaint.

171. TA denies the allegations in Paragraph 171 of Plaintiffs' First Amended Class Action Complaint.

172. TA denies the allegations in Paragraph 172 of Plaintiffs' First Amended Class Action Complaint.

173. TA denies the allegations in Paragraph 173 of Plaintiffs' First Amended Class Action Complaint.

174. TA denies the allegations in Paragraph 174 of Plaintiffs' First Amended Class Action Complaint.

**COUNT III**
**VIOLATIONS OF RICO, 18 U.S.C. § 1962(c)**
**(Class Claim on behalf of the Lender Defendants National Class Against the Lender Defendants)**

175.    Paragraphs 1 through 174 of this Answer are hereby incorporated by reference as though more fully set forth here.

176.    TA denies the allegations in Paragraph 176 of Plaintiffs' First Amended Class Action Complaint.

177.    TA denies the allegations in Paragraph 177 of Plaintiffs' First Amended Class Action Complaint.

178.    TA denies the allegations in Paragraph 178 of Plaintiffs' First Amended Class Action Complaint.

179.    TA denies the allegations in Paragraph 179 of Plaintiffs' First Amended Class Action Complaint.

**COUNT IV**
**VIOLATIONS OF RICO, 18 U.S.C. § 1962(d)**
**(Class Claim on behalf of the Lender Defendants National Class Against the Lender Defendants)**

180.    Paragraphs 1 through 180 of this Answer are hereby incorporated by reference as though more fully set forth here.

181.    TA denies the allegations in Paragraph 181 of Plaintiffs' First Amended Class Action Complaint.

182.    TA denies the allegations in Paragraph 182 of Plaintiffs' First Amended Class Action Complaint.

183.    TA denies the allegations in Paragraph 183 of Plaintiffs' First Amended Class Action Complaint.

184.    TA denies the allegations in Paragraph 184 of Plaintiffs' First Amended Class Action Complaint.

<u>**COUNT V**</u>
**VIOLATIONS OF THE FCCPA, FLA. STAT. § 559.72(9)**
**(Class Claim on behalf of the Florida Lender Defendants Class and the Florida TrueAccord Class Against All Defendants)**

185.    Paragraphs 1 through 184 of this Answer are hereby incorporated by reference as though more fully set forth here.

186.    TA denies the allegations in Paragraph 186 of Plaintiffs' First Amended Class Action Complaint.

187.    TA denies the allegations in Paragraph 187 of Plaintiffs' First Amended Class Action Complaint.

188.    TA denies the allegations in Paragraph 188 of Plaintiffs' First Amended Class Action Complaint.

189.    TA denies the allegations in Paragraph 189 of Plaintiffs' First Amended Class Action Complaint.

190.    TA denies the allegations in Paragraph 190 of Plaintiffs' First Amended Class Action Complaint.

## COUNT VI
### VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e
**(Class Claim on behalf of the TrueAccord Class Against TrueAccord Only)**

191.    Paragraphs 1 through 190 of this Answer are hereby incorporated by reference as though more fully set forth here.

192.    TA denies the allegations in Paragraph 192 of Plaintiffs' First Amended Class Action Complaint.

193.    TA denies the allegations in Paragraph 193 of Plaintiffs' First Amended Class Action Complaint.

194.    TA denies the allegations in Paragraph 194 of Plaintiffs' First Amended Class Action Complaint.

195.    TA denies the allegations in Paragraph 195 of Plaintiffs' First Amended Class Action Complaint.

## COUNT VII
### VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692f
**(Class Claim on behalf of the TrueAccord Class Against TrueAccord Only)**

196.    Paragraphs 1 through 195 of this Answer are hereby incorporated by reference as though more fully set forth here.

197.    TA denies the allegations in Paragraph 197 of Plaintiffs' First Amended Class Action Complaint.

198.    TA denies the allegations in Paragraph 198 of Plaintiffs' First Amended Class Action Complaint.

199.    TA denies the allegations in Paragraph 199 of Plaintiffs' First Amended Class Action Complaint.

200.    TA denies the allegations in Paragraph 200 of Plaintiffs' First Amended Class Action Complaint.

**COUNT VIII**
**VIOLATIONS OF THE CRCPA, FLA. STAT. § 772.103(1)**
**(Class Claim on behalf of the Florida Lender Defendants Class Against the Lender Defendants)**

201.    Paragraphs 1 through 200 of this Answer are hereby incorporated by reference as though more fully set forth here.

202.    TA denies the allegations in Paragraph 202 of Plaintiffs' First Amended Class Action Complaint.

203.    TA denies the allegations in Paragraph 203 of Plaintiffs' First Amended Class Action Complaint.

204.    TA denies the allegations in Paragraph 204 of Plaintiffs' First Amended Class Action Complaint.

205.    TA denies the allegations in Paragraph 205 of Plaintiffs' First Amended Class Action Complaint.

206.    TA denies the allegations in Paragraph 206 of Plaintiffs' First Amended Class Action Complaint.

207.    TA denies the allegations in Paragraph 207 of Plaintiffs' First Amended Class Action Complaint.

## COUNT IX
### VIOLATIONS OF THE CRCPA, FLA. STAT. § 772.103(2)
**(Class Claim on behalf of the Florida Lender Defendants Class Against the Lender Defendants)**

208.   Paragraphs 1 through 207 of this Answer are hereby incorporated by reference as though more fully set forth here.

209.   TA denies the allegations in Paragraph 209 of Plaintiffs' First Amended Class Action Complaint.

210.   TA denies the allegations in Paragraph 210 of Plaintiffs' First Amended Class Action Complaint.

211.   TA denies the allegations in Paragraph 211 of Plaintiffs' First Amended Class Action Complaint.

212.   TA denies the allegations in Paragraph 212 of Plaintiffs' First Amended Class Action Complaint.

213.   TA denies the allegations in Paragraph 213 of Plaintiffs' First Amended Class Action Complaint.

214.   TA denies the allegations in Paragraph 214 of Plaintiffs' First Amended Class Action Complaint.

## COUNT X
### VIOLATIONS OF CRCPA, FLA. STAT. § 772.103(3)
**(Class Claim on behalf of the Florida Lender Defendants Class Against the Lender Defendants)**

215.    Paragraphs 1 through 214 of this Answer are hereby incorporated by reference as though more fully set forth here.

216.    TA denies the allegations in Paragraph 216 of Plaintiffs' First Amended Class Action Complaint.

217.    TA denies the allegations in Paragraph 217 of Plaintiffs' First Amended Class Action Complaint.

218.    TA denies the allegations in Paragraph 218 of Plaintiffs' First Amended Class Action Complaint.

219.    TA denies the allegations in Paragraph 219 of Plaintiffs' First Amended Class Action Complaint.

220.    TA denies the allegations in Paragraph 220 of Plaintiffs' First Amended Class Action Complaint.

221.    TA denies the allegations in Paragraph 221 of Plaintiffs' First Amended Class Action Complaint.

## COUNT XI
## VIOLATIONS OF CRCPA, FLA. STAT. § 772.103(4)
### (Class Claim on behalf of the Florida Lender Defendants Class Against the Lender Defendants)

222.    Paragraphs 1 through 221 of this Answer are hereby incorporated by reference as though more fully set forth here.

223.    TA denies the allegations in Paragraph 223 of Plaintiffs' First Amended Class Action Complaint.

33

224.    TA denies the allegations in Paragraph 224 of Plaintiffs' First Amended Class Action Complaint.

225.    TA denies the allegations in Paragraph 225 of Plaintiffs' First Amended Class Action Complaint.

226.    TA denies the allegations in Paragraph 226 of Plaintiffs' First Amended Class Action Complaint.

227.    TA denies the allegations in Paragraph 227 of Plaintiffs' First Amended Class Action Complaint.

228.    TA denies the allegations in Paragraph 228 of Plaintiffs' First Amended Class Action Complaint.

**COUNT XII**
**VIOLATIONS OF CRCPA, FLA. STAT. § 772.103(1)**
**(Class Claim on behalf of the Florida TrueAccord Class Against TrueAccord)**

229.    Paragraphs 1 through 228 of this Answer are hereby incorporated by reference as though more fully set forth here.

230.    TA denies the allegations in Paragraph 230 of Plaintiffs' First Amended Class Action Complaint.

231.    TA denies the allegations in Paragraph 231 of Plaintiffs' First Amended Class Action Complaint.

232.    TA denies the allegations in Paragraph 232 of Plaintiffs' First Amended Class Action Complaint.

233.    TA denies the allegations in Paragraph 233 of Plaintiffs' First Amended Class Action Complaint.

234.    TA denies the allegations in Paragraph 234 of Plaintiffs' First Amended Class Action Complaint.

235.    TA denies the allegations in Paragraph 235 of Plaintiffs' First Amended Class Action Complaint.

**COUNT XIII**
**VIOLATIONS OF CRCAP, FLA. STAT. § 772.103(2)**
**(Class Claim on behalf of the Florida TrueAccord Class Against TrueAccord)**

236.    Paragraphs 1 through 235 of this Answer are hereby incorporated by reference as though more fully set forth here.

237.    TA denies the allegations in Paragraph 237 of Plaintiffs' First Amended Class Action Complaint.

238.    TA denies the allegations in Paragraph 238 of Plaintiffs' First Amended Class Action Complaint.

239.    TA denies the allegations in Paragraph 239 of Plaintiffs' First Amended Class Action Complaint.

240.    TA denies the allegations in Paragraph 240 of Plaintiffs' First Amended Class Action Complaint.

241.    TA denies the allegations in Paragraph 241 of Plaintiffs' First Amended Class Action Complaint.

242.    TA denies the allegations in Paragraph 242 of Plaintiffs' First Amended Class Action Complaint.

### COUNT XIV
### VIOLATIONS OF CRCPA, FLA. STAT. § 772.103(3)
### (Class Claim on behalf of the Florida TrueAccord Class Against TrueAccord)

243.    Paragraphs 1 through 242 of this Answer are hereby incorporated by reference as though more fully set forth here.

244.    TA denies the allegations in Paragraph 244 of Plaintiffs' First Amended Class Action Complaint.

245.    TA denies the allegations in Paragraph 245 of Plaintiffs' First Amended Class Action Complaint.

246.    TA denies the allegations in Paragraph 246 of Plaintiffs' First Amended Class Action Complaint.

247.    TA denies the allegations in Paragraph 247 of Plaintiffs' First Amended Class Action Complaint.

### COUNT XV
### VIOLATIONS OF CRCPA, FLA. STAT. § 772.103(4)
### (Class Claim on behalf of the Florida TrueAccord Class Against TrueAccord)

248.    Paragraphs 1 through 247 of this Answer are hereby incorporated by reference as though more fully set forth here.

249.    TA denies the allegations in Paragraph 249 of Plaintiffs' First Amended Class Action Complaint.

250.    TA denies the allegations in Paragraph 250 of Plaintiffs' First Amended Class Action Complaint.

251.    TA denies the allegations in Paragraph 251 of Plaintiffs' First Amended Class Action Complaint.

252.    TA denies the allegations in Paragraph 252 of Plaintiffs' First Amended Class Action Complaint.

## COUNT XVI
## VIOLATIONS OF RICO, 18 U.S.C. § 1962(a)
### (Class Claim on behalf of the TrueAccord Class Against TrueAccord)

253.    Paragraphs 1 through 252 of this Answer are hereby incorporated by reference as though more fully set forth here.

254.    TA denies the allegations in Paragraph 254 of Plaintiffs' First Amended Class Action Complaint.

255.    TA denies the allegations in Paragraph 255 of Plaintiffs' First Amended Class Action Complaint.

256.    TA denies the allegations in Paragraph 256 of Plaintiffs' First Amended Class Action Complaint.

257.    TA denies the allegations in Paragraph 257 of Plaintiffs' First Amended Class Action Complaint.

258.    TA denies the allegations in Paragraph 258 of Plaintiffs' First Amended Class Action Complaint.

259.   TA denies the allegations in Paragraph 259 of Plaintiffs' First Amended Class Action Complaint.

## COUNT XVII
### VIOLATIONS OF RICO, 18 U.S.C. § 1692(b)
### (Class Claim on behalf of the TrueAccord Class Against TrueAccord)

260.   Paragraphs 1 through 259 of this Answer are hereby incorporated by reference as though more fully set forth here.

261.   TA denies the allegations in Paragraph 261 of Plaintiffs' First Amended Class Action Complaint.

262.   TA denies the allegations in Paragraph 262 of Plaintiffs' First Amended Class Action Complaint.

263.   TA denies the allegations in Paragraph 263 of Plaintiffs' First Amended Class Action Complaint.

264.   TA denies the allegations in Paragraph 264 of Plaintiffs' First Amended Class Action Complaint.

265.   TA denies the allegations in Paragraph 265 of Plaintiffs' First Amended Class Action Complaint.

266.   TA denies the allegations in Paragraph 266 of Plaintiffs' First Amended Class Action Complaint.

## COUNT XVIII
### VIOLATIONS OF RICO, 18 U.S.C. § 1962(c)
### (Class Claim on behalf of the TrueAccord Class Against TrueAccord)

267.    Paragraphs 1 through 266 of this Answer are hereby incorporated by reference as though more fully set forth here.

268.    TA denies the allegations in Paragraph 268 of Plaintiffs' First Amended Class Action Complaint.

269.    TA denies the allegations in Paragraph 269 of Plaintiffs' First Amended Class Action Complaint.

270.    TA denies the allegations in Paragraph 270 of Plaintiffs' First Amended Class Action Complaint.

**COUNT XIX**
**VIOLATIONS OF RICO, 18 U.S.C. § 1962(d)**
**(Class Claim on behalf of the TrueAccord Class Against TrueAccord)**

271.    Paragraphs 1 through 270 of this Answer are hereby incorporated by reference as though more fully set forth here.

272.    TA denies the allegations in Paragraph 272 of Plaintiffs' First Amended Class Action Complaint.

273.    TA denies the allegations in Paragraph 273 of Plaintiffs' First Amended Class Action Complaint.

274.    TA denies the allegations in Paragraph 274 of Plaintiffs' First Amended Class Action Complaint.

275.    TA denies the allegations in Paragraph 275 of Plaintiffs' First Amended Class Action Complaint.

## COUNT XX
## UNJUST ENRICHMENT
### (All Classes Against All Defendants)

276.    Paragraphs 1 through 275 of this Answer are hereby incorporated by reference as though more fully set forth here.

277.    TA denies the allegations in Paragraph 277 of Plaintiffs' First Amended Class Action Complaint.

278.    TA denies the allegations in Paragraph 278 of Plaintiffs' First Amended Class Action Complaint.

279.    TA denies the allegations in Paragraph 279 of Plaintiffs' First Amended Class Action Complaint.

280.    TA denies the allegations in Paragraph 280 of Plaintiffs' First Amended Class Action Complaint.

## JURY TRIAL DEMANDED

Admitted in part, denied in part. TA admits Plaintiff demands a trial by jury. TA denies the existence of triable issues of fact. To the extent triable issues of fact are found to exist, TA demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs consented to the resolution of the disputes that are the subject of this lawsuit through mandatory individual arbitration.

40

Accordingly, this Honorable Court should stay this action and order all disputes to be resolved through mandatory individual arbitration.

## SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs contractually agreed to waive their participation in any class action, whether as a class member or class representative, for issues arising from or in any way related to the account at issue in this case. As such, this Court should dismiss Plaintiffs' class claims.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, members meeting Plaintiffs' putative class definitions have contractually agreed to waive their participation in any class action, whether as a class member or class representative for issues arising from or in any way related to the account at issue in this case. As such, this Court should dismiss Plaintiffs' class claims.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, members meeting Plaintiffs' putative class definitions have contractually consented to the resolution of disputes such as those described in this Class Action Complaint through mandatory individual arbitration.

WHEREFORE, Defendant TrueAccord Corp. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiffs; dismiss Plaintiffs'

First Amended Class Action Complaint with prejudice; and further award all such other relief as is just and appropriate.

Respectfully submitted,

**MESSER STRICKLER, LTD.**

By:    */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
MAUREEN WALSH, ESQUIRE
FL Bar No. 28179
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
mwalsh@messerstrickler.com
*Counsel for Defendant TrueAccord Corp.*

Dated: December 13, 2021

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 13, 2021, a true copy of the foregoing document

was served on all counsel of record by electronic service.


**MESSER STRICKLER, LTD.**

By:   */s/ Lauren M. Burnette*
      LAUREN M. BURNETTE, ESQUIRE
      FL Bar No. 0120079
      JOHN M. MAREES II, ESQUIRE
      FL Bar No. 069879
      MAUREEN WALSH, ESQUIRE
      FL Bar No. 28179
      12276 San Jose Blvd.
      Suite 718
      Jacksonville, FL 32223
      (904) 527-1172
      (904) 683-7353 (fax)
      lburnette@messerstrickler.com
      jmarees@messerstrickler.com
      mwalsh@messerstrickler.com
      *Counsel for Defendant TrueAccord Corp.*

Dated: December 13, 2021